UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JASON A. JOHNSON, et al.                                      PLAINTIFFS

VERSUS                                   CIVIL ACTION NO. 2:17CV137-KS-MTP

AARON'S INC.                                                  DEFENDANT

## DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE

COMES NOW, Defendant, Aaron's, Inc., and responds to the Court's Order to Show Cause [Doc. 6] as follows:

1.      On September 6, 2017, the Court issued its Rule 16(a) Initial Order setting the Case Management Conference for October 16, 2017. [Doc. 4] Plaintiffs failed to appear for the telephone conference.

2.      On October 17, 2017, the Court issued an Order to Show Cause. [Doc. 6]    The Court ordered the Plaintiff to show cause in writing why sanctions should not be imposed on or before October 30, 2017. To date, no response has been filed. Likewise, Defendant has received no correspondence from Plaintiffs.

3.      Plaintiffs' deadline to show cause has passed. As stated in the Order, failure to timely respond will result in the imposition of sanctions.

4.      Pursuant to Fed. R. Civ. P. 16(f), the Court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney (A) fails to appear at a scheduling or other pretrial conference. . . ." Rule 37(b)(2)(A) includes the following sanctions:

      (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

      (iii)   striking pleadings in whole or in part;

(iv)   staying further proceedings until the order is obeyed;

(v)    dismissing the action or proceeding in whole or in part;

(vi)   rendering a default judgment against the disobedient party; or

(vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

5.     Defendant submits that the appropriate sanction for Plaintiffs' failure to appear at the case management conference and failure to show cause is dismissal of the action as authorized by 37(b)(2)(A)(v). Defendant requests that the Court to dismiss Plaintiffs' Complaint under Fed. R. Civ. P. 16(f).

WHEREFORE, PREMISES CONSIDERED, Aaron's, Inc. respectfully prays that the Court dismiss Plaintiffs' Complaint as a reasonable and just sanction for Plaintiffs' failure to appear for the Case Management Conference and failure to show cause.

This the 10th day of November, 2017.

Respectfully Submitted,

**AARON'S, INC.**

By:    */s/ Lauren R. Hillery*
       LAUREN R. HILLERY (MSB # 103253)
       *Attorney for Defendant*

OF COUNSEL:

ROGER C. RIDDICK (MSB # 5345)
LAUREN R. HILLERY (MSB # 103253)
**COPELAND, COOK, TAYLOR & BUSH, P.A.**
600 Concourse, Ste. 100
1076 Highland.Colony Pkwy.
Ridgeland, MS 39157
P.O. Box 6020
Ridgeland, MS 39158
Telephone: 601-856-7200
Facsimile: 601-856-7626
rriddick@cctb.com
lhillery@cctb.com

## CERTIFICATE OF SERVICE

I, Lauren R. Hillery, do hereby certify that I have this day served, via United States mail,

postage prepaid, a true and correct copy of the above and foregoing document, to the following:

Scott Phillips, Esquire
Phillips Law Firm, P.A.
P.O. Box 3
Columbia, MS 39429

THIS the 10th day of November, 2017.

/s/ Lauren R. Hillery
LAUREN R. HILLERY